Filed 6/22/23  P. v. Martinez CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> SAMUEL MARTINEZ, <br><br>     Defendant and Appellant. | A166013 <br><br> (Solano County Super. Ct. <br>  No. FCR348129) |

A jury found defendant Samuel Martinez guilty of second degree robbery, and the trial court sentenced him to the upper term of five years in prison.  In a prior appeal, we affirmed the conviction but remanded to the trial court for resentencing under Senate Bill No. 567 (2021-2022 Reg. Sess.) (S.B. 567).  (*People v. Martinez* (Feb. 23, 2022, A159821) [nonpub. opn.] 2022 WL 538053, at *8 (*Martinez I*).)

Martinez appeals following resentencing.  We affirm.

## BACKGROUND

Second degree robbery is punishable by imprisonment for two, three, or five years.  (Pen. Code,[1] § 213, subd. (a)(1)(B)(2).)  When the trial court originally sentenced Martinez, it had broad authority under former section 1170 to select a term from the sentencing triad that "in the court's discretion,

---

[1] Further undesignated statutory references are to the Penal Code.

1

best serve[d] the interests of justice." (Former § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 15.) The trial court imposed the upper term of five years. (*Martinez I*, *supra*, 2022 WL 538053, at *7.)

Effective January 1, 2022, S.B. 567 amended section 1170 "in several fundamental ways." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038 (*Flores*).) Under S.B. 567, a sentencing court may impose an upper term only under certain circumstances. Section 1170, subdivision (b)(2), now provides in relevant part, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Subdivision (b)(3) of the statute, however, provides an exception, permitting the sentencing court to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

In addition, S.B. 567 "establishes a presumption of the lower term" in certain circumstances, including that psychological, physical, or childhood trauma contributed to the commission of the offense. (*Flores*, *supra*, 73 Cal.App.5th at p. 1039; § 1170, subd. (b)(6)(A).)

In Martinez's prior appeal, the parties agreed S.B. 567 applied retroactively to this case and the matter should be remanded to the trial court for resentencing under current law. We remanded, noting, "On remand, the parties are free to argue for the term they believe is appropriate under the applicable law." (*Martinez I*, *supra*, 2022 WL 538053, at *8.) The disposition provided, "The sentence is vacated and the matter is remanded to

the trial court to sentence defendant under Penal Code section 1170 as amended by S.B. 567. The judgment is otherwise affirmed." (*Ibid.*)

On remand, the prosecution filed a sentencing memorandum on March 17, 2022, arguing the upper term was warranted based on the aggravating circumstance, "defendant's prior convictions . . . are numerous or of increasing seriousness" (Cal. Rules of Court, rule 4.421(b)(2)). Copies of certified criminal records attached to the memorandum documented Martinez's criminal history: in California, he had convictions for misdemeanor battery and theft from person and felony possession of a dangerous weapon in 2002, felony grand theft in 2003, and misdemeanor driving under the influence in 2008; in Texas, he had convictions for misdemeanor assault causing bodily injury in 2013, misdemeanor driving while intoxicated in 2015, misdemeanor theft in 2018, misdemeanor theft with a previous conviction and felony theft of property with two previous convictions in 2019, as well as misdemeanor public intoxication with three prior convictions in 2015 and 2019.

On May 20, 2022, Martinez filed a sentencing memorandum urging a middle term. He argued the upper term was not justified based solely on his prior convictions because only one conviction from 2013 (misdemeanor assault causing bodily injury) involved "any sort of violence" and "he has no prior violent felonies." The memorandum concluded, "the record supports a mid term sentence for Mr. Martinez."

The hearing on resentencing was held on August 23, 2022. Arguing the prior convictions alone justified an upper term, the prosecutor stated, "If you look at the Defendant's 25-year criminal history, they are numerous, they are increasing in severity. And if you look at the two most recent convictions[,] the Defendant was released from prison . . . in Texas, on August 27th of 2019,

3

and within two months picks up this case which I will describe as a strong-arm robbery . . . ."

Defense counsel suggested the mere fact this court remanded the matter for resentencing rather than affirming the upper term was "fairly clear guidance from the Appellate Court what is appropriate in this matter."

The trial court imposed the upper term. The court explained, "I think this record, his criminal history, on its own, is aggravating enough to warrant the high term because there really wasn't any mitigation that was presented to say, oh, the mitigating evidence and the aggravating evidence balance each other out, ergo the mid term. · There was zero."

## DISCUSSION

On appeal, Martinez contends the trial court erred in sentencing him without considering or weighing mitigating factors. He claims the trial court here "failed to conduct individualized consideration of the offense, the offender, and the public interest by failing to identify and weigh the mitigation factors," citing *People v. Sandoval* (2007) 41 Cal.4th 825, 847. In *Sandoval*, the court instructed, "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*Ibid.*)

We do not discern any error. Martinez's sentencing memorandum did not mention mitigating factors, and defense counsel did not argue any mitigating circumstances at the sentencing hearing. The trial court expressly stated that it considered whether mitigating factors counterbalanced Martinez's extensive criminal history, but it found "there really wasn't any mitigation that was presented" to "balance . . . out" the aggravating

4

circumstance. Nothing in the record suggests the trial court failed to conduct individualized consideration of the offense, the offender, and the public interest in making its sentencing choice.

Indeed, Martinez does not claim the trial court abused its discretion. Rather, Martinez argues the trial court "misapplied" section 1170 because it "failed to explain how appellant's misdemeanor and out of state convictions demonstrated that his conduct 'indicate[d] a serious danger to society,'" citing California Rules of Court, rule 4.421(b)(1). This argument fails because the prosecutor argued for an upper term relying on rule 4.421(b)(2), not 4.421(b)(1). Rule 4.421(b)(2) provides that a factor in aggravation is, "The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous *or* of increasing seriousness." (Italics added.) Martinez does not dispute that his prior convictions are numerous; it is not necessary that they also indicate a serious danger to society.

Further, as the Attorney General points out, Martinez has forfeited any claim regarding the adequacy of the trial court's statement of reasons for its sentencing decision because no objection on this basis was made at the sentencing hearing. (See *People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*) [forfeiture applies to "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"].)

In *Scott*, our high court held that, where a defendant received a sentence that was "permitted by law," an appellate claim that the sentence was nonetheless "imposed in a procedurally or factually flawed manner" is forfeited unless raised with the trial court in the first instance. (*Scott, supra,* 9 Cal.4th at p. 354). In his reply, Martinez argues the trial court failed to consider circumstances in mitigation described in the probation report. But this is essentially a claim that the trial court assessed the factors in

mitigation in a "factually flawed manner." (*Ibid*.)  The claim is therefore forfeited because Martinez failed to raise the point with the trial court.

## DISPOSITION

The judgment is affirmed.

_____
Miller, J.

WE CONCUR:


_____
Stewart, P.J.


_____
Richman, J.


A166013, *People v. Martinez*